UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK ANTHONY RIBBING,

    Plaintiff,

v.                                    Case No. 3:22cv991-MCR-HTC

DEPARTMENT OF DEFENSE,
 CENTRAL INTELLIGENCE AGENCY,
 FCC, and FAA,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Patrick Anthony Ribbing, a prolific and vexatious filer, has filed yet another *pro se* frivolous complaint (ECF Doc. 1) and nonsensical motion to proceed *in forma pauperis* (ECF Doc. 2). Plaintiff has now filed at least nineteen (19) actions in this District engaging in the same non-complaint conduct, abusing the Court's resources and time. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). As with Plaintiff's most recent case, *Ribbing v. Pensacola International Airport/ISS, et al.*, 3:22cv314-MCR-HTC, the undersigned recommends this case be dismissed *sua sponte* as malicious for

Plaintiff's abuse of the judicial process and the clerk be directed not to accept any future filings from Plaintiff unless he is represented by counsel or upon obtaining prior leave of Court.

As the Court's docket reflects, Plaintiff has a habit of filing frivolous complaints coupled with a nonsensical motion to proceed *in forma pauperis*, which includes responses such as "See Kiva Secrecy Rights". The instant case is no different. On January 27, 2022, Plaintiff initiated this action by filing a complaint against (1) the Department of Defense, (2) the Central Intelligence Agency ("CIA"), (3) the FCC and (4) the FAA based on a missing backpack, which was "removed from a locked storage room of the consessions (sic) building" in Pensacola, Florida. ECF Doc. 1 at 4.

As the basis of jurisdiction, Plaintiff checks both the box for a *Bivens* case and § 1983 case. ECF Doc. 1 at 4. Plaintiff, however, has not alleged any facts to support either cause of action. He has not, for example, identified any constitutional violation. Instead, Plaintiff alleges that the "missing backpack" contains "government documents", "now making this a federal matter". *Id.* at 5. That contention is clearly not correct.

Likewise, Plaintiff's motion to proceed *in forma pauperis* is riddled with delusional and non-responsive answers. As has been his pattern and practice, Plaintiff does not provide any financial information in the motion. Instead, he

responds to questions about his financial posture with statements such as: "See Kiva Secrecy Rights-my wife don't like yall", "you don't need to know", "wallet was stolen by one of your spooks", "any unauthorized access is obvious", "you can't pronounce it", "if you couldn't find her @ D.O.D. in uniform than she did her job!", and "you don't need to know to concern yourself with these intricacies." ECF Doc. 2 at 2-5. It goes without saying that Plaintiff has been thoroughly advised such responses are insufficient.

The Court has repeatedly directed Plaintiff on his obligations when he files a complaint, including the obligation to file a complete motion to proceed *in forma pauperis* and a complaint that contains a clear statement of the basis of this Court's jurisdiction. Plaintiff, however, continues to ignore those directives. Indeed, this filing comes just thirteen (13) days after the undersigned issued a similar report and recommendation in *Ribbing v. Pensacola International Airport/ ISS, et al.*, 3:22cv314, Doc. 5, which is pending before Court.

Thus, an appropriate sanction for Plaintiff's repeated abuse of the judicial process is to dismiss this case without prejudice and without an opportunity to amend. As one judge in this District has held, a plaintiff's *pro se* complaint is "subject to dismissal as malicious and abusive of the judicial process due to [his] failure to follow this court's instructions." *See Holliday v. Inch, et al.*, 2021 WL

4993958, at *4 (N.D. Fla. Oct. 12, 2021), *report and recommendation adopted sub nom. Holliday v. Inch*, 2021 WL 4990822 (N.D. Fla. Oct. 26, 2021).

Moreover, as evident by the Plaintiff's filing of this action, an injunction is necessary to ensure Plaintiff does not continue to waste this Court's time and resources with his non-compliant behavior. Thus, as the undersigned did in *Pensacola Int'l Airport*, the undersigned recommends an order be entered directing the clerk not to accept any future case filings from Plaintiff unless he is represented by counsel or upon Plaintiff obtaining prior leave of court to proceed *pro se*. See *DeGod v. Scharf, et al.*, 3:21cv919-TKW-HTC, ECF Doc. 31(ordering the clerk not to accept any future filings from Plaintiff unless he is represented by counsel or he obtains prior leave of court); *Floyd-Trinowski v. Ne. Fla. Health Servs., Inc.*, No. 6:15-cv-1030-CEM-DCI, ECF Doc. 10 (M.D. Fla. Sep. 19, 2016), *report and recommendation adopted*, No. 6:15-cv-1030-CEM-DCI, ECF Doc. 12 (M.D. Fla. Oct. 12, 2016) (requiring plaintiff's *pro se* filings to be pre-screened before being accepted by the court after plaintiff filed a "fourth insufficient and incomprehensible Complaint."); *Langermann v. Dubbin*, 2014 WL 11429282, at *1 (S.D. Fla. Oct. 16, 2014) (granting defendants' motion for injunctive sanctions and permanently enjoying *pro se* plaintiff "from filing any future pleadings or motions . . ., unless [plaintiff] first notifies the Court . . ., provides the Court an opportunity to pre-screen

[plaintiff's] proffered filing, and obtains the Court's leave to file based upon the Court's determination that the claims are" not frivolous).

It is well established that this Circuit affords district courts broad discretion in managing their cases and "ensur[ing] that their cases move to a reasonably timely and orderly conclusion." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (internal citations omitted). This includes a district court's inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (holding district courts "enjoy broad discretion in deciding how best to manage the cases before them").

Courts have routinely found such defiant and repetitive conduct, like Plaintiff's, to warrant injunctive sanctions. "Injunctive restrictions on filings by abusive litigants are necessary and prudent in order to curb conduct that would impair the rights of other litigants and the court's ability to carry out its Article III functions." *Brunet v. United States*, 2019 WL 11276408, at *2 (S.D. Fla. Apr. 2, 2019), *report and recommendation adopted*, 2019 WL 11276407 (S.D. Fla. Apr. 17, 2019), *aff'd*, 781 F. App'x 978 (11th Cir. 2019). This is because "[t]here is no constitutional right to file frivolous court cases or abuse the judicial process." *Marts v. Inch*, 2019 WL 4862194, at *6 (N.D. Fla. Sept. 3, 2019), *report and recommendation adopted*, 2019 WL 4861897 (N.D. Fla. Oct. 2, 2019).

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

Additionally, it is respectfully RECOMMENDED that:

1. This action be dismissed *sua sponte* as malicious for Plaintiff's abuse of the judicial process.

2. Injunctive sanctions be imposed on Plaintiff to the extent that the clerk is directed not to accept any future filings from Plaintiff unless he is represented by counsel or upon obtaining prior leave of court to proceed *pro se*.

3. The clerk be directed to close the file.

Done in Pensacola, Florida, this 9th day of February, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.